AMBRO, Circuit Judge,
concurring.
I join Judge Hardiman’s opinion, as a remand will be beneficial in developing a clearer factual record. I write separately, however, because I am skeptical that any interpretation of the current record could support a finding that Lowe was not seized at the outset of his encounter with the police and before there was any reasonable suspicion.
Here, the police presented a clear show of authority when they approached Lowe. The only issue is whether (and when) Lowe submitted to that authority. See California v. Hodari D., 499 U.S. 621, 626, 111 S.Ct. 1547, 113 L.Ed.2d 690 (1991) (explaining that a seizure is effected when a suspect evinces submission to a “show of authority”). Remaining in place in response to an officer’s show of authority can alone be sufficient for submission. See Johnson v. Campbell, 332 F.3d 199, 206 (3d Cir.2003) (concluding seizure occurred when individual remained in his vehicle yet refused to comply with an officer’s orders to roll down the window); see also Brend- *170 lin v. California, 551 U.S. 249, 262, 127 S.Ct. 2400, 168 L.Ed.2d 132 (2007) (“But what may amount to submission depends on what a person was doing before the show of authority: a fleeing man is not seized until he is physically overpowered, but one sitting in a chair may submit to authority by not getting up to run away.”); United States v. Johnson, 620 F.3d 685, 691 (6th Cir.2010) (“It would be an unnatural reading of the case law to hold that a defendant who is ordered to stop is not seized until he stops and complies with a subsequent order to raise his hands.” (emphasis in original)).
Although there is disagreement whether Lowe was ordered to freeze or simply to show his hands, I believe that either directive required — either explicitly or implicitly — that Lowe remain in place. Thus, if he halted and did not attempt to flee as a result of either instruction, this would be enough to show that he was seized at that moment. In reviewing the record, this seems to be what occurred. Indeed, I see no serious suggestion that this was not the case. Even if Lowe, according to one officer, may have stepped backward initially on the order to stop walking, this did not undermine his submitting to that order. And, to any extent Lowe merely “looked like he was getting ready to run” per officer testimony, App. at 78, that is immaterial, see Johnson, 620 F.3d at 692 (rejecting argument “that a person who has actually stopped in response to officers’ commands but who looks like he might run has not submitted to an order to stop” (emphasis in original)).
Our decision in United States v. Brown, 448 F.3d 239 (3d Cir.2006), seems particularly analogous to the matter before us. There, we concluded a clear submission occurred where Brown yielded to the officer’s authority by merely “turning to face the police car and placing (or moving to place) his hands on the vehicle.” Id. at 246. Moreover, Brown’s “subsequent attempt to flee” did not erase that submission because he had indicated initially something more than “momentary compliance.” Id. (internal quotation marks omitted).
Clearer factual findings will ultimately be helpful in the resolution of this matter. However, my view of the record in its unresolved state strongly suggests that Lowe effectively halted at the officers’ behest, and thus was seized at the outset of the encounter. Because there was no reasonable suspicion at that moment, see Florida v. J.L., 529 U.S. 266, 268, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000), this conclusion would require suppression of any evidence following Lowe’s seizure, and would render pointless any inquiry into hand movements as evasive or suspicious behavior.